UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ULYSSES STOKES, JR.,** | Civ. No. 2:14-06515 (WJM) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **MODIS,** *et al.*, | |
| **Defendants.** | |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Ulysses Stokes, Jr. filed this case against Defendants Modis, Inc.[1] ("Modis") and Matthew Miller. He alleges that his employment was wrongfully terminated because of his race after a white woman falsely accused him of sexual harassment. This matter comes before the Court on Defendants' motion for summary judgment under Federal Rule of Civil Procedure 56.[2] There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons explained below, the motion for summary judgment is **GRANTED**.

I.   BACKGROUND

Modis is an information technology staffing service that provides its clients with contract, contract-to-hire, and direct hire staffing services. Plaintiff is an African-American male. Modis hired Plaintiff, and Plaintiff began an assignment with Modis's customer, Blue Cross and Blue Shield of New Jersey ("BCBS"), on April 22, 2014. Prior to hiring Plaintiff, Modis entered into a Dispute Resolution and Arbitration Agreement (the "Arbitration Agreement") with him. *See* Decl. of John K. Bennett ("Bennett Decl.") Ex. A, ECF No. 9-2. The Arbitration Agreement provides:

> [A]ny and all disputes, claims or controversies arising out of or relating to [the Arbitration Agreement], the employment relationship between the parties, or the termination of the employment relationship, shall be resolved by binding

---

[1] Incorrectly plead as Modis.
[2] On May 8, 2015, the Court entered an order notifying the parties of its intention to convert Defendants' motion to compel arbitration into a motion for summary judgment pursuant to Federal Rules of Civil Procedure 12(d) and 56. Neither Plaintiff nor Defendants objected to the Court's order.

arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Association.

*Id.* ¶ 1.  The Arbitration Agreement expressly covers "disputes regarding the employment relationship" and "termination," as well as "claims arising under the . . . Civil Rights Act of 1964."  *Id.* ¶ 2.

Plaintiff's assignment with BCBS was terminated on April 30, 2014.  Compl. 3, ECF No. 1.  Plaintiff alleges that, because of his race, he was falsely accused of sexual harassment by a white woman and that those false accusations resulted in his discharge. *Id.*; Bennett Decl. Ex. B.

Plaintiff filed a Charge of Discrimination with the New Jersey Division on Civil Rights and the Equal Employment Opportunity Commission ("EEOC") in connection with his discharge.  On August 12, 2014, the EEOC issued Plaintiff a "Notice of Right to Sue."  Bennett Decl. Ex. C.  Plaintiff then filed the instant Complaint against Defendants, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

## II.     DISCUSSION

Defendants argue that this dispute is covered by the Arbitration Agreement and, thus, that the Court should dismiss the Complaint.[3]  Plaintiff did not respond to Defendant's argument.  On May 8, 2015, the Court entered an order notifying the parties of its intention to convert Defendants' motion to compel arbitration into a motion for summary judgment pursuant to Federal Rules of Civil Procedure 12(d) and 56.[4]  The parties were given until May 29, 2015 to submit any additional materials pertinent to the motion for summary judgment.  Plaintiff's responsive submissions contained nothing challenging the validity, enforceability, or scope of the Arbitration Agreement or indicating that further discovery regarding the Arbitration Agreement is necessary.  Thus, and because affirmative defense of arbitrability of claims is not apparent on the face of the Complaint (or the documents relied upon in the Complaint), the Court will consider this motion to compel arbitration under a Rule 56 standard.  *See Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 775-76 (3d Cir. 2013).

---

[3] Defendants also move to dismiss for lack of subject matter jurisdiction.  Specifically, they argue that Plaintiff failed to exhaust his administrative remedies under Title VII, because he did not name Defendants in his EEOC charge. Defendants are correct that the EEOC charge names only BCBS as a respondent.  However, determining whether a plaintiff has exhausted his administrative remedies against a defendant that is not named in an EEOC charge is a fact-intensive inquiry, which the Court will not engage in at this time.  *See Owens-Presley v. MCD Pizza, Inc.*, No. 14-6002, 2015 WL 569167, at *2 (E.D. Pa. Feb. 10, 2015) ("Application of the *Glus* factors to the affirmative defense of failure to exhaust administrative remedies is a fact-intensive analysis which this Court will not engage in prior to discovery."); *see also Canavan v. Beneficial Finance Corp.*, 553 F.2d 860, 865 (3d Cir. 1977) ("Ordinarily when a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion.").

[4] No party objected to the Court considering the motion as a motion for summary judgment.  Fed. R. Civ. P. 12(d).

The Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. (the "FAA"), governs this arbitrability dispute. Under the FAA, a court must conduct a two-part inquiry before compelling arbitration. Specifically a court should consider: (1) whether the parties have agreed to arbitrate their claims; and (2) whether the plaintiff's claims fall within the scope of the agreement to arbitrate. *Gruntal & Co. v. Steinberg*, 854 F. Supp. 324, 334 (D.N.J.) *aff'd*, 46 F.3d 1116 (3d Cir. 1994). Employment litigation, including Title VII claims, can be subject to compulsory arbitration. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001).

### i. The Parties Have Agreed to Arbitrate their Claims Under a Valid, Enforceable Agreement to Arbitrate.

The Court finds that the parties agreed to arbitrate. State law governs the inquiry as to whether the parties entered into a valid agreement to arbitrate. *Gruntal*, 854 F. Supp. at 334 (citing *Progressive Casualty Insurance Co. v. C.A. Reaseguradora Nacional de Venezuela*, 991 F.2d 42, 45-46 (2d Cir. 1993). The elements of an enforceable contract in New Jersey are mutual assent, consideration, legality of the object of the contract, capacity of the parties, and formulation of memorialization. *Fletcher-Harlee Corp. v. Pote Concrete Contractors*, Inc., 421 F. Supp. 2d 831, 833 (D.N.J. 2006) aff'd, 482 F.3d 247 (3d Cir. 2007).

All of the required elements are satisfied in this case. First, the plain language of the Arbitration Agreement demonstrates mutual assent. Specifically, it states:

> NOW THEREFORE, based on the above, and in consideration of the mutual covenants and conditions set forth herein, the parties hereto agree as follows: . . . BY SIGNING THIS AGREEMENT THE PARTIES HEREBY WAIVE THEIR RIGHT TO HAVE ANY DISPUTE, CLAIM OR CONTROVERSY DECIDED BY A JUDGE OR JURY IN A COURT.

Bennett Decl. Ex. A. Second, Plaintiff was required to sign the Arbitration Agreement in exchange for Modis considering him for placement at its clients, which satisfies the consideration requirement. *Id.* ¶ A. Third, there is no suggestion that the terms of the Arbitration Agreement are oppressive or unconscionable. Finally, there is no indication that Plaintiff lacked the capacity to enter into the Arbitration Agreement, which he executed on April 12, 2014.

### ii. All of Plaintiff's Claims Fall within the Scope of the Arbitration Agreement.

Further, the Court finds that the Arbitration Agreement applies to the instant claims. When determining the scope of an arbitration clause, courts operate under a presumption of arbitrability. *Caldwell v. KFC Corp.*, 958 F. Supp. 962, 973 (D.N.J. 1997) (quoting *AT&T Techs. v. Communications Workers*, 475 U.S. 643, 650 (1986)). A

court should compel arbitration of a claim unless it can state "with positive assurance" that the claim does not fall within the scope of the arbitration agreement. *Id.*

Plaintiff's claims clearly fall within the scope of the Arbitration Agreement. The Arbitration Agreement requires "that any and all disputes, claims or controversies arising out of or relating to [the Arbitration Agreement], the employment relationship between the parties, or the termination of the employment relationship, shall be resolved by binding arbitration." Bennett Decl. Ex A ¶ 1. It also "applies, without limitation, to disputes regarding the employment relationship, . . . termination, or harassment and claims arising under the . . . Civil Rights Act of 1964 . . . and state statutes, if any, addressing the same or similar subject matters, and all other statutory and common law claims." *Id.* ¶ 2. This language expressly covers Plaintiff's Complaint, which asserts claims against Defendants for violations of Title VII arising from the termination of his employment.

The Court will thus grant Defendants' motion to compel arbitration. Further, because neither Plaintiff nor Defendants have requested that we stay the action pending arbitration, the Court will dismiss the Complaint and close this case. *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 490 (E.D. Pa. 2011).

### III.  CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is **GRANTED**. The Complaint is **DISMISSED WITHOUT PREJUDICE**, to allow the parties to pursue arbitration in the appropriate forum. An appropriate order follows.

                                            /s/ William J. Martini
                                  **WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 11, 2015**